THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERNAL GEORGE GARVEY,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>JEFFREY A. UTTECHT,<br><br>　　　　　　　Respondent. | CASE NO. C19-6172-JCC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on Petitioner Vernal George Garvey's § 2254 habeas corpus petition. (Dkt. No. 6.) The Honorable David W. Christel, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Dkt. No. 20) advising the Court to deny Mr. Garvey's petition. Mr. Garvey objects to the R&R. (Dkt. No. 22.) For the reasons described below, the Court hereby ADOPTS the R&R and DENIES the writ without prejudice.

A district court must conduct a *de novo* review of those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when he or she files "specific written objections" to the magistrate judge's R&R as required under Federal Rule of Civil Procedure 72(b)(2). In contrast, general objections or summaries of arguments previously presented have the same effect as no objection at all since they do not focus the Court's attention on any specific issues for review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). This Court's consideration of such

"objections" would entail *de novo* review of the entire report, rendering the referral to the magistrate judge useless and causing a duplication of time and effort that wastes judicial resources and contradicts the purposes of the Magistrates Act. *Id.* Accordingly, *de novo* review is not required when a party fails to direct the court to a specific error in the report and recommendation. *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F.Supp.2d 472, 475 (W.D.N.C.2003).

Mr. Garvey is in state custody, currently pursuing direct appeal of his June 2019 state convictions for armed robbery, bail jumping, and possession of stolen property. (Dkt. No. 17-1 at 3, 33–35.) He concurrently filed his petition with this Court. (Dkt. No. 6.) Judge Christel recommended that this Court deny Mr. Garvey's petition based on Mr. Garvey's failure to exhaust state remedies. (Dkt. No. 20.) Mr. Garvey, in objecting to Judge Christel's R&R, now claims that this Court lacks jurisdiction to hear his petition because original jurisdiction in such matters lies with the U.S. Supreme Court. (Dkt. No. 22.) The Court disagrees. The Court has original jurisdiction over writs of habeas corpus pursuant to 28 U.S.C. § 2254(a). *See Felker v. Turpin*, 518 U.S. 651, 660 (1996) (describing the jurisdictional limits of petitions for writs of habeas corpus). Given Mr. Garvey's failure to point out error in Judge Christel's determination that Mr. Garvey has failed to exhaust his state court remedies, the Court has no choice but to deny Mr. Garvey's objections.

A petitioner may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may issue only where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This Court agrees with Judge Christel's recommendation to deny the issuance of a COA. Mr. Garvey has

not demonstrated that reasonable jurists could conclude the issues presented deserve encouragement to proceed further.

For the foregoing reasons, the R&R (Dkt. No. 20) is ADOPTED and Mr. Garvey's petition for writ of habeas corpus (Dkt. No. 6) is DENIED without prejudice. A COA is DENIED.

DATED this 7th day of October 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE